UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ZAK SHAIK,**

 Plaintiff,

v.             **No. 4:24-cv-00817-P**

**CHARLES SCHWAB & CO. INC.,**

 Defendants.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On January 24, 2025, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. ECF No. 27. The FCR recommended the Court compel the case to arbitration and deny Plaintiff Zak Shaik's motion for sanctions. Plaintiff filed an Objection to the FCR the day it was issued. ECF No. 16. The Court accordingly conducted a *de novo* review of the FCR.

As detailed below, the Court will overrule all of Shaik's objections, adopt the reasoning of the FCR in whole, grant Schwab's Motion to Compel, stay this case pending arbitration, and deny Shaik's Cross-Motion for Sanctions.

## BACKGROUND

Shaik worked as a Registered Investment Advisor for Defendant Charles Schwab & Co., Inc. ("Schwab"). In 2023, Schwab ended its contract with Shaik. Shaik sued Schwab for breach of contract, tortious interference with contract, defamation, and a smattering of other claims. ECF No. 1. Because Shaik appeared *pro se*, the Clerk referred his case to a Magistrate Judge for pretrial management. *See* N.D. Tex. Special Order 3–251 (Mar. 8, 2006). Schwab moved to compel the case to arbitration, citing the arbitration provisions in the Investment

Advisor Service Agreement ("IASA")—its contract with Shaik. ECF No. 8. The IASA provides that "any controversy over the arbitrability of a dispute" would be decided by an arbitrator. *Id.* at 5. Shaik opposed the motion to compel arbitration and filed a motion for sanctions. ECF No. 11.

The Magistrate issued its FCR. The FCR recommended granting Schwab's motion, compelling the case to arbitration, and staying the case in the meantime. ECF No. 15. The Magistrate Judge reasoned that the parties had formed a valid agreement to arbitrate, that Shaik had no affirmative defenses to the contract, and that Shaik's claims fell within the scope of the arbitration agreement. *Id.* Shaik filed a timely objection to the FCR. ECF No. 16. His objections are ripe for review.

## LEGAL STANDARD

A Magistrate Judge's findings, conclusions, and recommendations for a dispositive matter are reviewed de novo if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings in whole or in part. *Id.* The Court will not consider arguments raised for the first time in objections to the FCR. *See United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992).

## ANALYSIS OF OBJECTIONS

Shaik objects to the Magistrate Judge's conclusion that neither the arbitration provision nor the delegation provision in the IASA are void for unconscionability. He argues that the provisions are both procedurally and substantively unconscionable. Shaik also objects to the Magistrate Judge's finding that sanctions are inappropriate.

Under the Federal Arbitration Act, a court must compel an action to arbitration when the parties have agreed to arbitrate a dispute. *Martinez v. Experian Info. Sols.*, No. 3:24-cv-0744-X, 2024 WL 3906775, at *1 (N.D. Tex. Aug. 22, 2024) (Starr, J.). In such a case, the court has no discretion to deny a motion to compel arbitration. *Harvard Prop. Trust, LLC v. Cardillo*, No. 3:10-cv-1844-K, 2011 WL 1792866, at *2 (N.D. Tex. May 6, 2011) (Kinkeade, J.). The movant shows the existence of an agreement to arbitrate a dispute by showing: "(1) there exists

between the parties a valid agreement to arbitrate, and (2) the dispute in question falls within the scope of the agreement." *In re Online Travel Co.*, 953 F. Supp. 2d 713, 717 (N.D. Tex. 2013) (Boyle, J.). Courts apply the law of the state governing the agreement to the question of contract validity. *Wash. Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004). Here, the parties agree that California law governs the IASA. ECF No. 8 at 7, No. 16 at 1.

Unconscionability is a high bar, even under California law.[1] To avoid an arbitration agreement on unconscionability grounds, the party must show that either the whole contract or a part of it is both procedurally and substantively unconscionable. *Sanchez v. Valencia Holding Co., LLC*, 353 P.3d 741, 748 (Cal. 2015). The doctrine of unconscionability does not protect contracting parties from a "simple old-fashioned bad bargain." *Id.* The defense applies only to terms that "impair the integrity of the bargaining process or otherwise contravene the public interest or public policy" or "attempt to alter in an impermissible manner fundamental duties otherwise imposed by the law, fine-print terms, or provisions that seek to negate the reasonable expectations of the nondrafting party, or unreasonably and unexpectedly harsh terms . . . ." *Id.*

Shaik argues that the IASA was procedurally and substantively unconscionable. He rests his procedural argument on: (1) the take-it-or-leave-it nature of the agreement; (2) his relative lack of bargaining power compared to Schwab; (3) the disproportionate benefit the agreement gave to Schwab; (4) the delegation provision's purported denial of Shaik's Seventh Amendment right to a jury trial; and (5) public policy, which Shaik argues the IASA offends.

Shaik, who is proceeding without the aid of counsel, does not explicitly point to the flaws in the FCR. Instead, he rehashes the arguments from his opposition to the motion to compel arbitration. Therefore, rather than discuss each of these arguments on their own, the Court will instead simply point to a few facts about the IASA that support the Magistrate Judge's findings.

---

[1]The contract provides that California law applies, and the Parties agree.

3

First, the IASA imposes the obligation to arbitrate on both parties. ECF No. 8-2 ¶ 15. This fact alone belies all of Shaik's arguments to some degree. For example, Shaik cites *Armendariz v. Foundation Health Psychcare Services, Inc.* for the proposition that arbitration agreements presented on a take-it-or-leave-it basis come with "a high degree of procedural unconscionability." 6 P.3d 669, 690 (Cal. 2000); ECF No. 16 at 1. But *Armendariz*'s discussion of "take it or leave it" contracts focused on "one-sided" terms. But here, the terms bind both sides. The Magistrate Judge therefore correctly found that the IASA did not disproportionately benefit Schwab. ECF No. 15 at 18. For the same reason, Shaik's right to a jury trial was not taken from him but voluntarily and mutually waived.[2]

Moreover, the fourteenth paragraph of the IASA discloses the nature and consequences of the arbitration provisions in the following paragraph. Paragraph fourteen makes the following disclosures, among others:

> **By signing an arbitration agreement, the parties agree as follows:**
> - **All parties to this Agreement are giving up the right to sue each other in court, including the right to a trial by jury, except as provided by the rules of the arbitration forum in which a claim is filed.**
> - **Arbitration awards are generally final and binding; a party's ability to have a court reverse or modify an arbitration award is very limited.**
> - **The ability of the parties to obtain documents, witness statements, and other discovery is generally more limited in arbitration than in court proceedings.**

---

[2]Shaik cites *Granite Rock Co. v. Int'l Brotherhood of Teamsters* for the proposition that courts, not arbitrators, should decide questions of arbitrability unless parties clearly and unmistakably delegate that authority. 561 U.S. 287, 299 (2010); ECF No. 16 at 2. But the parties *did* clearly and unmistakably delegate that authority here. *See* ECF No. 8-2 ¶ 15.

4

[. . .]

ECF No. 8-2 ¶ 14 (bolded text in original). Shaik cannot credibly claim to be blindsided or surprised by the terms of the arbitration agreement when Schwab drew his attention to it so deliberately.

Finally, the IASA is not a contract for employment. *See* ECF No. 8-2 ¶ 1. Shaik contracted with Schwab as an Investment Advisor. *Id.* He brought his clients to Schwab for Schwab to serve as "custodian." *Id.* The IASA provides that Shaik and Schwab are "not affiliated with each other in any way." *Id.* Shaik's status as a contractor, and not an employee, all but eliminates any tendency of the adhesion contract toward unconscionability. To be clear, even if the adhesion contract were for Shaik's employment, the adhesive nature of the agreement alone would not be proof of unconscionability under California law. *See Serafin v. Balco Props. Ltd., LLC*, 185 Cal. Rptr. 3d 151, 161 (Cal. Ct. App. 2015). As a contractor, Shaik has even less basis to argue that the IASA is unconscionable.

Finally, the Court will overrule Shaik's objection to the Magistrate Judge's recommendation to deny his motion for sanctions. Shaik's motion for sanctions is moot given that his arguments opposing arbitration fail.

\* \* \*

The Court also agrees with the Magistrate Judge that a stay of proceedings is the only permissible course of action to take while the case moves through arbitration. *See Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024).

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Shaik's objections, **GRANTS** Schwab's Motion to Compel, **DENIES** Shaik's Motion for Sanctions, **COMPELS** this case to arbitration, and **STAYS** this case pending the outcome of the arbitration. The Court **ADOPTS** the reasoning of the FCR in all respects as its own. The Court further **ORDERS** that the Parties submit a Joint Status Report summarizing the status of the arbitration proceedings **once every 90 days starting June 9, 2025.**

**SO ORDERED** on this **10th day of March 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE